Leonarda ALONSO, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–70545.
Agency No. A71–593–114.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Dec. 1, 2004.

(2003). The prosecutor's justifications for his
peremptory strikes in the instant case are
persuasive.

Carlos Cruz, Los Angeles, CA, for Peti-
tioner.

Regional Counsel, Western Region Im-
migration & Naturalization Service, Lagu-
na Niguel, CA, Ronald E. LeFevre, Chief
Legal Officer, Office of the District Coun-
sel, San Francisco, CA, Richard M. Evans,
Esq., David Dauenheimer, U.S. Depart-
ment of Justice, Office of Immigration Lit-
igation, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge,
GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM *

Leonarda Alonso petitions for review of
a decision of the Board of Immigration
Appeals denying her application for sus-
pension of deportation on the ground that
she lacked good moral character pursuant
to former Immigration and Nationality Act
section 244(a)(1). 8 U.S.C. § 1254(a)(1)
(1994), *repealed by* Pub.L. No. 104–208,
110 Stat. 3009–546, 615 (Sept. 30, 1996)

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by Ninth
Circuit Rule 36–3.

(codified at 8 U.S.C. § 1229b(b) (2000 & Supp.2004)). In denying Alonso's application, the BIA affirmed the Immigration Judge in a reasoned decision and held that: "We find no error in the Immigration Judge's determination that a police clearance was necessary to establish the respondent's good moral character.... *See* 8 C.F.R. § 103.2(a)(1)." Section 103.2(a)(1) and the application for suspension of deportation instructions explicitly incorporated into that section's provisions recommend, but do not require, that a petitioner submit police clearances in support of his or her claim to good moral character. 8 C.F.R. § 103.2(a)(1) (2004); United States Dep't of Justice, Form EOIR–40, Application for Suspension of Deportation. Alonso contends that the BIA erred in finding that she lacked good moral character and that the BIA violated her Fifth Amendment right to due process by holding that 8 C.F.R. § 103.2(a)(1) imposed a mandatory requirement that she present a police clearance to establish good moral character.

The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") govern our jurisdiction to consider this case. *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). These rules normally preclude our review of discretionary determinations regarding whether an alien has good moral character. *Id.* at 1150–51. When a petitioner properly presents a due process challenge to immigration proceedings, however, we retain jurisdiction to consider the constitutional issues, even when the underlying basis for denial of relief is discretionary. *Ramirez–Alejandre v. Ashcroft*, 319 F.3d 365, 377 (9th Cir.2003) (en banc). Nonetheless, a due process challenge is properly presented to us only when a petitioner has administratively exhausted his or her claim before the BIA. If a petitioner does not allege specific due process violations in suspension of deportation proceedings before the BIA, we lack jurisdiction to consider these claims on appeal. 8 U.S.C. § 1252(d)(1) (2000); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Applying these principles here, we conclude that we are without jurisdiction. Alonso alluded to constitutional violations in her appeal to the BIA, but she did not argue that the Immigration Judge violated her due process rights by imposing a mandatory requirement that she present police clearances to establish good moral character. Alonso has not administratively exhausted the argument that her suspension of deportation proceedings violated due process, and hence we lack jurisdiction over this constitutional claim. *See Barron*, 358 F.3d at 678. The remaining challenges that Alonso raises to the BIA's adverse moral character determination are challenges to a discretionary decision of the Attorney General, and we lack jurisdiction over these claims pursuant to IIRIRA. *See Kalaw*, 133 F.3d at 1150–51.

Thus, we have no jurisdiction over the constitutional claim that was not exhausted, and we have no jurisdiction to consider a dispute about the Attorney General's exercise of discretion in assessing Alonso's moral character.

DISMISSED.